Lin v. Lynch

BIA
Cheng, IJ
A087 772 222

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

JIANG LIN,
*Petitioner,*

v.                                          15-990
NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General;
                       Jennifer P. Williams, Senior
                       Litigation Counsel; Jennifer A.
                       Bowen, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Lin, a native and citizen of the People's Republic of China, seeks review of a March 10, 2015, decision of the BIA, affirming a January 7, 2013, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Jiang Lin,* No. A087 772 222 (B.I.A. Mar. 10, 2015), *aff'g* No. A087 772 222 (Immig. Ct. N.Y. City Jan. 7, 2013).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding "on the demeanor, candor, or responsiveness of the applicant," and on

2

inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the adverse credibility determination, which was based on internal inconsistencies in Lin's testimony, inconsistencies between his testimony and prior statements, and his demeanor. As an initial matter, the IJ did not err in relying on the record of the credible fear interview. It bore sufficient indicia of reliability. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The record includes a record of questions asked and answers given, the interview was conducted in Lin's best language, the questions were designed to elicit his asylum claim, and there was no indication that Lin was reluctant to answer questions. *Id.* at 723-25. Although Lin's border interview did not bear the same level of reliability, even absent consideration of that interview, substantial evidence supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167.

3

The record supports the agency's conclusion that Lin's testimony was both internally inconsistent and inconsistent with his credible fear interview. He testified that he left China to avoid persecution for distributing Falun Gong flyers, and that he distributed those flyers to spread Falun Gong's message. However, at his credible fear interview, he stated that he distributed flyers to make money. Lin's assertion that he was explaining what he told the police is not compelling; he was responding to the question, "why did you want to distribute the flyers." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we defer. *Id.* at 81 n.1; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Lin paused before responding to questions about when he met the individual who recruited him to hand out flyers and responded with a series of inconsistent dates. And, he was not responsive when asked how he learned to practice Falun Gong.

In light of Lin's inconsistencies and his demeanor, the totality of the circumstances supports the agency's adverse

4

credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because asylum, withholding of removal, and CAT relief all relied on the same factual predicate, the adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk